UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESTER PUERNER,

        Plaintiff,

v.                                                             Case No. 09-C-1051

JUDY SMITH, et al.,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Puerner, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Oshkosh Correctional. He has moved for leave to proceed *in forma pauperis*, but he has now paid the entire filing fee in full. The motion will therefore be denied as moot.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff is afflicted by chronic lymphocytic leukemia.[1] He asserts that the warden, Judy Smith, as well as various social workers, have improperly refused to recommend a compassionate release from custody. He further asserts that Smith has forwarded copies of his correspondence to other prison staff, and he claims that this is evidence of a conspiracy, in violation of Wisconsin law.

---

[1]The Plaintiff's claims are set forth in what is marked as Exhibit 1 to the Complaint.

2

He seeks release from custody so that he can participate in clinical trials and receive what he alleges will be better medical care.

It is well established that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Moreover, this court does not have the authority to order a compassionate release from state custody, which is a matter of state law. The continued incarceration of an ill inmate does not violate the Eighth Amendment, and the complaint does not suggest that his treatment in prison is constitutionally inadequate, only that he could receive better treatment outside. Finally, his state law claims are frivolous. Evidence that individuals received copies of correspondence does not implicate them in some kind of conspiracy. Accordingly, the complaint will be dismissed.

**IT IS ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   2nd   day of December, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
